## CIRCUIT COURT OF BALTIMORE CITY.

Filed October 2, 1913.

THE GOTTLIEB-BAUERNSCHMIDT-STRAUS BREWING COMPANY
VS.
MERCANTILE TRUST AND DEPOSIT COMPANY, TRUSTEE.

*Grain and Hershey, Gans and Haman* for plaintiffs.

*Venable, Baetjer and Howard* for defendant.

BOND, J.—

To comply with the request of the parties that a decision be given them if possible, in the few days intervening between the argument and the beginning of the October term of the Court of Appeals, I must give my views without much elaboration. They are as follows:

The provisions of the mortgages considered in this case are not altogether the same as those of the mortgages discussed in the opinion of the Court of Appeals in the Mt. Vernon-Woodberry Cotton Duck Company vs. the Continental Trust Company of Baltimore, trustee, et al. (Daily Record, June 30, 1913). In the first place the present mortgages leave in the hands of the mortgagor company the matter of the investment directed for the proceeds of sale of discarded property. "The proceeds of any sale so made," it is provided, "shall, at the option of the Brewing Company, be invested by it either in the improvement of any other part of the said premises hereby mortgaged, or in the purchase of other property, &c." And it might be doubted whether the precise question submitted in the case stated can arise. It may be replied that neither a deposit of the funds with the trustee, nor the permission of the trustee for any expenditure by the Brewing Company, are required by these mortgages, in this or any other case. But the question must, even under this provision, arise in some form when the trustee entertains doubts as to the propriety of a reinvestment of the proceeds of sale, and any possible objection to the present form of presenting it should not, as I have thought, dispose of the case.

Coming to the consideration, then, of the question whether investments of the funds as described in the agreed statement and the exhibits conform to the directions in the mortgages, we have two doubts to resolve. First, the trustee fears that the articles of property purchased or to be purchased by the Brewing Company, and the alterations or improvements made or to be made, may by reason of their susceptibility to wear and loss, their perishable nature, so to speak, be improper subjects of reinvestment according to the opinion of the Court of Appeals in the case of the Mt. Vernon-Woodberry Cotton Duck Company mortgages. The trustee, as I understand counsel, infers that the Court of Appeals considered that under the first section of Article 7 of the mortgages before it, standing alone, any reinvestment in machinery, whether it constitute an addition to the property or be a mere replacement or restoration, would be improper. I do not so understand the decision. I do not understand it to construe the mortgage there as prohibiting, for instance, the investment of some or all the fund in new machinery in a new mill, or in new machinery to equip as a mill an empty building pre-

viously owned. I infer that the court would think it consistent with the directions in the mortgages before it that the funds be used in creating new plants and annexes, or enlarging them, by reconstruction of buildings and equipment with new machinery. And as I understand all the expenditures discussed in this case to come within this description my conclusion is that they are of a character such as to form proper subjects of reinvestment of the funds now held by the trustee here—applying the conclusions of the Court of Appeals with regard to the requirements of Section 1 of the Mt. Vernon-Woodberry Company mortgages standing by itself.

But Section 1 of Article 7 in that mortgage is not in the same words as the provision of the present mortgages governing the sale of unused property and the reinvestment of proceeds. Section 8 of the Brewing Company mortgage does not, as has been said, require that the fund be deposited and held in trust for reinvestment. The mortgagor itself may invest it in any improvement of the mortgaged premises or in the purchase of other property real or personal. The Brewing Company mortgage has, again, no special section so clearly separating the replacement of machinery from the general provision for the sale of unused property and the reinvestment of proceeds, as has the Mt. Vernon-Woodberry Company mortgage. Furthermore, the last provision of Section 8 of the present mortgage describes the reinvestment contemplated as a reinvestment "for the business." Reading all these provisions together, still keeping in mind the fact that it is in accord with the purpose of the instrument that the tangible security should be kept unimpaired, consistently with efficient conduct of the company's business, it seems to me that the company is intended to have a wide latitude in the matter of reinvestment; and while perhaps it may not merely replace outworn machinery with the proceeds of sale, it may buy additional machinery and build improvements to the property previously owned, as it has done here, out of the funds from sale of old property.

The second doubt raised by the trustee is whether in view of the priority in time of some of the improvements and additions over the sales from which the funds have arisen, the payment now would constitute such a reinvestment as is contemplated, or would amount to the mere payment of an old debt. I think payment for these particular improvements and additions would constitute such a reinvestment. The beneficiaries under this mortgage intend that the business of the company shall be carried on in the most efficient manner; they are interested in having it so. It would be clearly in opposition to their intention, I think, to construe the mortgage as denying the company the right to resort to any particular scheme for the disposition of unprofitable property, and improvements upon the proceeds of sale, merely because the details are so arranged as to put the improvements ahead of the disposition of the old property. If the scheme is really a conversion of unprofitable property into improvements, this would constitute a reinvestment rather than the payment of debts, whatever the order of events might be. As was pointed out by counsel in argument this amounts to saying that payment for past improvements and additions is or is not a reinvestment under the mortgage according as the company did or did not intend payment out of funds from discarded property. And that test is, of course, one difficult to apply to a concrete case, because of the difficulty in finding the intention. Nevertheless it is the proper test, I think.

Applying it to the evidence given in the papers here I hold that the use of the funds in question would be a reinvestment, and should be permitted.

The result is that the fund demanded by the mortgagor company for expenditure as stated should be paid over to it for that purpose, without deduction of the amount of the previous withdrawal of $27,214, as suggested. I shall sign a decree accordingly.